**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 20-4417**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENYAD LAQUAN KELLY,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00568-WO-1)

—————————

Submitted:  February 17, 2022                        Decided:  March 7, 2022

—————————

Before MOTZ and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:** Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenyad Laquan Kelly pled guilty, pursuant to a written plea agreement, to possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Kelly to 36 months' imprisonment, nine months above his 21-to-27-month advisory Sentencing Guidelines range. On appeal, Kelly argues that his sentence is procedurally and substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Blue*, 877 F.3d at 517.

To assess procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, adequately considered the 18 U.S.C. § 3553(a) factors, sufficiently explained the selected sentence, and addressed any nonfrivolous arguments for a different sentence. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). A "district court[ ] need not robotically tick through § 3553(a)'s every subsection." *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir.), *cert. denied*, 141 S. Ct. 382 (2020). The sentencing explanation need not be extensive, but it must demonstrate that the district court had "a reasoned basis for exercising [its] own legal decision-making authority." *Provance*, 944 F.3d at 218 (internal quotation marks omitted).

Kelly argues that the district court committed procedural error by adopting a procedural mechanism for determining the sentence that replaced the role of the Guidelines

and that this procedure failed to adequately consider the § 3553(a) factors. Our review of the record reveals that the district court considered the Guidelines range, found that a within-Guidelines-range sentence would not protect the public, and used as a starting point to determine the extent of the upward variance Kelly's prior federal sentences because they had failed to deter him from criminal conduct. The court also discussed the § 3553(a) factors at length, including the history and personal characteristics of the defendant, the nature of the offense, and the need for the sentence imposed. We conclude that Kelly's sentence is therefore procedurally reasonable.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. In determining whether Kelly's above-Guidelines-range sentence is substantively reasonable, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "We will vacate such [a] sentence if its stated reasoning is inadequate or if it relies on improper factors." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted).

3

Here, the district court weighed the § 3553(a) factors and adequately explained its decision to impose an upward-variant sentence. The court relied on the need to protect the public and to deter Kelly from committing further crimes. The court did not cite any impermissible factors, *see Bolton*, 858 F.3d at 915, nor did it give excess weight to one factor while excluding other relevant factors, *see, e.g.*, *Zuk*, 874 F.3d at 410-12. Moreover, the district court acted reasonably in varying nine months above the Guidelines range established at sentencing after balancing the seriousness of Kelly's offense, his criminal history, and the need to protect the public against his personal circumstances. We therefore conclude that the district court did not abuse its discretion by imposing the 36-month, above-Guidelines-range sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4